**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARCO OCHOA, ) | CV-N-03-0634-LRH (VPC) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| SHERIFF RICHARD KIRKLAND, ET AL., ) | **OF U.S. MAGISTRATE JUDGE** |
| Defendants. ) | May 8, 2006 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant Reno Diagnostic Center's motion for summary judgment (#49). Plaintiff opposed (#52), and defendant replied (#53). The court has thoroughly reviewed the record and the motion and recommends that the motion for summary judgment be granted.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Marco Ochoa is incarcerated in the Cibola Correctional Center in Cibola County, New Mexico and has been granted *in forma pauperis* status for the purpose of this case (#21). Plaintiff's allegations relate to incidents that occurred when he was incarcerated at the Washoe County Detention Facility ("WCDF"), and he brings this complaint pursuant to 42 U.S.C. § 1983, alleging detention facility staff violated his Fourteenth Amendment rights and his Eighth Amendment right against cruel and unusual punishment for failure to properly treat his injured

ankle (#30). He also brings a negligence claim.[1] *Id*. Plaintiff names as defendants Washoe County Sheriff Richard Kirkland, EMSA, and Reno Diagnostic Center ("RDC").[2] *Id*. The sole remaining defendant is RDC (#45).[3] Plaintiff contends that he injured his left ankle at WCDF on or about October 3, 2001 and requested medical treatment (#30). Plaintiff states that on October 5, he was taken to the infirmary and RDC medical personnel took x-rays "apparently" only of his right ankle. *Id*. Plaintiff states that he assumed medical personnel were aware that he had no complaints about his right ankle and were merely being cautious. *Id*. Plaintiff now claims that RDC staff deliberately x-rayed the wrong foot. *Id*. Defendant states that it has no personnel at WCDF and had no involvement in taking plaintiff's x-rays (#49). Plaintiff was transferred to Lompoc Federal Correctional Institute ("FCI Lompoc") in February 2002, and, according to plaintiff, in September 2002 medical staff determined that he must have fractured his left ankle and foot, which healed improperly and now requires corrective surgery and rehabilitation (#30).

Defendant moves for summary judgment (#49).

---

[1] Plaintiff filed his original complaint in U.S. District Court in New Mexico on November 5, 2003 (#1). The same day, that court ordered the complaint transferred to the District of Nevada pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(2) & (3) (#4). The District Court ordered that plaintiff could proceed on both his § 1983 claims and negligence claim (#23). Plaintiff filed his amended complaint on July 14, 2004 (#30). Plaintiff's amended complaint states, without elaboration, that he advances a Fourteenth Amendment claim. *Id*. His opposition to the summary judgment motion does not address any potential Fourteenth Amendment claim (#52). Therefore, this court evaluates the Eighth Amendment claim and negligence claim only.

[2] EMSA appears to be an entity that provided medical personnel to WCDF (*See* #30). U.S. Marshals made an unsuccessful attempt to serve EMSA at the address plaintiff provided (#35). Marshals indicated that Medical Unit Prisoners Health Services is located at the address, and their counsel refused to accept service for EMSA, which counsel stated was the prior contractor with WCDF. *Id*.

[3] Pursuant to Fed. R. Civ. P. 4(m), on August 22, 2005, the District Court dismissed without prejudice plaintiff's amended complaint as to defendants Kirkland and EMSA (#45).

2

## II.  DISCUSSION & ANALYSIS

**A.  Discussion**

**1.  Summary judgment**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994).  In deciding whether to grant summary judgment, the court must view the evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(C).  Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a).  Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Only evidence which might be admissible at trial may be considered by the court in ruling on a motion for summary judgment.  FED. R. CIV. P. 56(c); *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).  Evidence without a proper foundation cannot support

3

a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).

Material facts are facts that might affect the outcome of the case; the court determines materiality by reference to the substantive law that controls the case. *Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. *Id*. If, given the evidence submitted, a reasonable jury could hold for the nonmoving party, the dispute over material fact is "genuine." *Id*. Where there is a complete failure of proof on an essential element of the case for the nonmoving party, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**2. Persons amenable to suit under § 1983**

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Where a private party conspires with state officials to deprive others of constitutional rights, however, the private party is acting under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *DeGrass v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000). "To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-40 (9th Cir. 1989 ) (*en banc*) (internal quotation and citation omitted). The defendants must have, "by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." *Mendocino Environmental Center*, 192 F.3d at 1301. "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id*. Conclusory allegations are insufficient to state a claim of conspiracy. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783-84 (9th Cir. 2001).

4

### 3. Deliberate indifference and sufficiently serious harm

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotations omitted). In *Farmer v. Brennan*, the Supreme Court reiterated the standards for prevailing on an Eighth Amendment claim. 511 U.S. 825, 828 (1994). The court once again stated that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.*, *citing Helling v. McKinney*, 509 U.S. 25 (1993), *Wilson v. Seiter*, 501 U.S. 294 (1991), and *Estelle*, 429 U.S. 97. To establish an Eighth Amendment violation, a plaintiff's case must satisfy an objective standard -- that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard -- deliberate indifference. *See Wilson*, 501 U.S. at 297-304; *see also Farmer*, 511 U.S. at 834.

The subjective standard of deliberate indifference for Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835, *quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. It is the equivalent of recklessly disregarding a substantial risk of serious harm to the inmate. *Id.*

"[D]eliberate indifference to a prisoner's serious illness or injury" is a violation of the Eighth Amendment prohibition against cruel and unusual punishment. *Estelle*, 429 U.S. at 105. In order to prove deliberate indifference, plaintiff must show that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct.

5

*Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Indifference may be manifested by prison staff intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Estelle*, 429 U.S. at 104-05.

Mere negligence on the part of prison medical staff is not sufficient to prove deliberate indifference. *Id*. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds in WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Prison medical staff does not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**4. Negligence**

Whether summary judgment is appropriate is a matter of federal law; however, state law controls the substantive issues with respect to the negligence claim. *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 n.2 (9th Cir. 1992). To prevail on his negligence claim, plaintiff must show that (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; (3) the breach was the actual cause of plaintiff's injury; (4) the breach was the proximate cause of plaintiff's injury; and (5) plaintiff suffered damages. *Scialabba v. Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996). Whether defendant owed plaintiff a duty is a question of law to be determined by the court. *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001).

**B. Analysis**

Defendant asserts that the x-rays were taken by Portable X-Rays of Southern Nevada ("PXSN") and delivered to defendant's center for professional interpretation by Radiology Consultants, LLC (#49, Ex. 1). Defendant explains that it is an outpatient imaging center and

1  states that it had no relationship, contractual or otherwise, with WCDF (#49).  Defendant states
2  that all professional services at its center were provided by Radiology Consultants. *Id*. Defendant
3  maintains that at all relevant times Radiology Consultants had an agreement with PXSN under
4  which Radiology Consultants interpreted all x-rays that PXSN delivered to defendant's premises.
5  *Id*. Defendant states that it has never had any agreement concerning taking x-rays at WCDF, nor
6  was it involved in any way with the taking of plaintiff's x-rays at WCDF; and therefore, it cannot
7  owe a duty of care to plaintiff as a matter of law. *Id*. Defendant includes the declaration of Ross
8  
9  H. Golding, president of Radiology Consultants. *Id*. Defendant also attaches a radiology services
10 agreement between Radiology Consultants and PXSN, effective February 1, 2001, in which
11 Radiology Consultants agrees to read all x-rays performed by PXSN. *Id*. The agreement provides
12 
13 that Radiology Consultants will perform the x-ray readings at defendant's premises. *Id*. Finally,
14 defendant includes x-ray readings that indicate that x-rays PXSN took of plaintiff's right ankle
15 and foot at WCDF were read by Colby Laughlin, M.D., at defendant RDC (#49, Ex. 2).
16 
17 Plaintiff responds that RDC medical personnel performed his x-ray at the WCDF
18 infirmary and deliberately x-rayed the wrong foot and ankle (#52). Plaintiff inaccurately states
19 that RDC is arguing that Radiology Consultants took the x-rays. *Id*. Plaintiff also asserts that a
20 letter by WCDF regarding its investigation into the allegations clearly states that defendant was
21 directly involved in the "x-ray proceeding." *Id*. Plaintiff includes the same x-ray readings that
22 defendant attached. *Id.*
23 
24 Plaintiff admits that defendant may not have had direct involvement in the x-ray. *Id*.
25 Plaintiff points out that his pleadings should be construed liberally, *Haines v. Kerner*, 404 U.S.
26 519, 520 (1972), and states that the RDC name appears on the x-ray readings. *Id*. In his
27 declaration, Radiology Consultants president Golding attests that RDC served only as the location
28 

7

at which Radiology Consultants read the x-rays taken by PXSN at WCDF (#49, Ex. 1). Golding also states that RDC had no involvement whatsoever in the taking of plaintiff's x-rays at WCDF and solely served as the facility at which the x-rays were interpreted.[4] *Id*. The radiology services agreement reflects that Radiology Consultants and PXSN agreed that x-rays taken by PXSN would be read by Radiology Consultants at RDC's facility. *Id.* The documents that contain the x-ray interpretations are not entirely clear; they appear to be on RDC letterhead, but also appear to reflect that the x-rays were taken by PXSN at WCDF. *Id.* The reading does not identify the radiologist, Dr. Laughlin, as a Radiology Consultants employee, but Golding attests states that Laughlin is a Radiology Consultants radiologist. *Id.* Finally, the letter WCDF sent to plaintiff indicates that EMSA personnel examined, x-rayed and treated plaintiff (#52). The letter does not mention RDC or Radiology Consultants. *Id*.

Plaintiff presents no evidence to rebut the evidence defendant provides (*See* #52). Moreover, plaintiff admits that he is unsure whether defendant was directly involved in taking his x-rays. *Id.* While plaintiff is in the difficult position of trying to discern the identity of medical personnel from outside companies who worked at WCDF, defendant has demonstrated that it was not involved in any way with the taking of the x-rays; and therefore, defendant did not owe a duty of care to plaintiff as a matter of law. *Lee*, 22 P.3d at 212. Thus, defendant cannot be liable to plaintiff on a negligence theory. Similarly, defendant cannot have conspired with WCDF to violate plaintiff's Eighth Amendment rights when defendant had no involvement in the alleged incident. Plaintiff has failed to provide evidence on an essential element of his case with

---

[4]According to Golding, Radiology Consultants, LLC is a limited-liability company doing business as Reno Diagnostic Center (#49, Ex. 1). This fact does not change the court's analysis because defendant RDC presents evidence that neither Radiology Consultants nor RDC had any role in taking x-rays of plaintiff's foot and ankle. *Id*.

respect to each count. *Celotex*, 477 U.S. at 323. Accordingly, defendant's motion for summary judgment is granted.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendant has demonstrated that it had no direct involvement in taking x-rays of plaintiff so as to give rise to liability for negligence or an Eighth Amendment claim. Plaintiff provides no evidence that defendant took x-rays of his foot and ankle. As such, the court recommends that defendant's motion for summary judgment (#49) be GRANTED.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion for summary judgment (#49) be **GRANTED**.

**DATED:** May 5, 2006.

_____
**UNITED STATES MAGISTRATE JUDGE**